UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON DEAN HUBBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02217-JPH-DML |
| | ) | |
| DENNIS REAGLE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

Jason Dean Hubbell's amended petition for writ of habeas corpus challenges his conviction for the murder of Sharon Myers. He argues that his trial counsel failed to investigate, and the State suppressed, evidence that Michael Dean Overstreet was responsible for Ms. Myers' death. Dkt. 48. Mr. Overstreet was convicted of abducting and killing Kelly Eckart. *Overstreet v. State*, 783 N.E.2d 1140 (Ind. 2003). In 1997, both women were abducted from their workplace and found strangled with their own clothing in or near Atterbury Fish and Wildlife Area.

Mr. Hubbell has moved for leave to conduct discovery by serving non-party subpoenas on five Indiana agencies. Rule 6(a) of the Rules Governing § 2254 Cases allows habeas corpus petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy v. Bramley*, 520 U.S. 899, 904 (1997) (A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course). In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate that there is good

---

[1] Because Dennis Reagle is the current Warden of Pendleton Correctional Facility, the **clerk is directed** to update the docket to reflect that Warden Reagle is the respondent.

reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id*. at 908-09.

Mr. Hubbell argues that he has uncovered evidence that was suppressed by the State, including statements made to police by Mr. Overstreet's wife that she believed her husband was responsible for Ms. Myers' murder because, on the day of Ms. Myers' abduction, he borrowed the same van he used in Ms. Eckart's abduction and returned home with blood on his clothing. Dkt. 49 at 3. He also includes police statements from two witnesses who told police Mr. Overstreet had made references to Ms. Myers' abduction. The Court finds that he has shown good cause for discovery, as required by Rule 6(a).

The respondent argues that Mr. Hubbell has not met the requirements of 28 U.S.C. § 2254(e)(2) to expand the record. Dkt. 50. Mr. Hubbell has not yet moved to expand the record, but that appears to be the next step if discovery is fruitful.

Recently, the Supreme Court addressed the question of whether a petitioner must demonstrate that potential evidence would be admissible before a court can authorize him to pursue such evidence. *Shoop v. Twyford*, 142 S. Ct. 2037, 2045 (2022). Although in *Shoop* the Court reached this question in the context of transporting a prisoner under the All Writs Act for psychological testing, it stated broadly that "[a] federal court may never needlessly prolong a habeas case, particularly given the essential need to promote the finality of state convictions, so a court must, before facilitating the development of new evidence, determine that it could be legally considered in the prisoner's case." *Id*. (cleaned up).

Whether the evidence sought by Mr. Hubbell could be legally considered is a complicated question. First, the Court would need to determine whether he failed to develop the record in state court. If he did, then he must meet the stringent requirements of 28 U.S.C. § 2254(e)(2). The parties

did not fully address this question in their briefing. The respondent notes in his amended return to the show cause order that Mr. Hubbell sought to obtain some of his requested discovery in state post-conviction proceedings. Dkt. 51 at 11. If the state court denied his requests, then he may not be at fault for failing to develop that portion of the record, and therefore would not need to meet § 2254(e)(2) for those requests.

For these reasons the Court provides the parties an opportunity to provide supplemental briefing on the interplay between Rule 6(a) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254(e)(2), and recent Supreme Court rulings on expanding the record in federal habeas cases. Briefing should address whether Mr. Hubbell  must satisfy § 2254(e)(2) in order to conduct discovery, and (assuming that he must for some or all of his requests) how he does or does not meet the statute's requirements to expand the record. Mr. Hubbell shall have **through October 14, 2022**, in which to supplement his motion. The respondent shall have **21 days** to respond and Mr. Hubbell **14 days** to reply.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Brent Westerfeld
blwesterfeld@gmail.com